IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


RODNEY M. BLACKWELL                                           PLAINTIFF

VERSUS                                    CIVIL ACTION NO: 1:04cv493WJGJMR

ANTHONY J. PRINCIPI, Secretary of
Veterans Affairs                                             DEFENDANT


MEMORANDUM OPINION


This cause comes before the Court on the motion [27-1] of the Defendant, Anthony J.

Principi, Secretary of Veterans Affairs to dismiss for lack of subject matter jurisdiction, or in the

alternative for summary judgment pursuant to Federal Rules of Civil Procedure 12(b)(1) and

56(c).  The Court, being fully advised in the premises and having examined the briefs and

complaint in this case, finds as follows.

Facts

Blackwell is employed as a police officer with the Veterans Affairs [VA] Gulf Coast

Veterans Health Care System, formerly the Biloxi VA Medical Center.  (Mot. to Dismiss, p. 1.)

He contends that he was not selected for promotion from police officer to supervisory police

officer because of his age.  (Compl., p. 4.)  He brought this lawsuit pursuant to the Age

Discrimination in Employment Act [ADEA], 29 U.S.C. § 623.  (*Id.*, p. 1.)

According to the Defendant, Blackwell listed his date of birth as December 2, 1954.

(Mot. to Dismiss, Exh. B1, p. 5.)  Blackwell asserted that he applied, qualified and was referred

for the position as a GS-7 Supervisory Police Officer under vacancy announcement #109.  (*Id.*, p.

6.)  Blackwell contends that the other candidates for the position, M.S. Jenkins and D.A. Jones, were younger and less qualified for the position than he.  (*Id*., p. 10.)  Jones allegedly informed Blackwell during a conversation that Jones' prior work experience was obtained as an inspector with the Biloxi Housing Authority.  (*Id*., p. 11.)  Blackwell stated that he was unaware of Jenkins' work experience prior to working at the VA.  (*Id*., p. 12.)  He did not review either of the candidate's personnel folders and any information Blackwell had regarding their qualifications came from general conversations with each person.  (*Id*., p. 14.)

Blackwell testified that he believed that age was a factor in the selection process for the promotion because he believed that management was in favor of younger individuals.  (*Id*., p. 15.)  He claims that during a meeting, bias against older individuals was expressed during a discussion concerning a set of physical standards tests which were to be implemented when it was mentioned that certain employees would not pass the standards.  (*Id*.)  Blackwell felt like the VA was trying to weed out older employees by enacting the standards.  (*Id*.)

The other evidence cited by Blackwell to support his claim of age discrimination was that the final two candidates were under 40 years of age while all the other candidates were over 40.  (*Id*., p. 16.)  He claims that further evidence of age discrimination lies in the fact that he had 27 years of experience while those selected had less experience.  (*Id*.)  He contends that his "superior experience" led him to believe that the only reasonable explanation for the failure to promote him was that the other candidates were younger than he.  (*Id*.)

According to Blackwell, evidence that the VA routinely appoints younger applicants when promoting an individual exists, because Blackwell knew a person in another area at the same facility who was passed over for a promotion.  (*Id*., p. 22.)  He claims that because Police

Chief D. Bratton at the VA facility stated that seniority would not be important in a promotion selection in his department, this was a policy within VA management.  (*Id*., p. 25.)

Christiane J. Jones, the Associate Medical Center Director at the VA, and the selecting official in the promotion at issue in this lawsuit, stated that she was 52 years old and was unaware during the selection process of Blackwell's age.  (*Id*., Exh. B-4, p. 5.)

Blackwell was one of ten candidates who applied for the promotion.  (*Id*., Exh. 1.)  Each candidate was interviewed by a three-member panel.  (Mot. to Dismiss, pp. 8-9.)  The panel asked each candidate five identical performance-based questions and each candidate was rated on a five point scale.  So far as Christiane Jones was concerned, age was not a factor in the selection process; she sought individuals with strong leadership skills.  (*Id*., Exh. B-4, pp. 6-7.)  The individuals were ranked based on the candidate's responses to questions regarding improvement of services.  (*Id*., p. 8.)  The committee recommended selecting the top two candidates, and based on this recommendation, Christiane Jones promoted those individuals.  (*Id*., Exh. 1.)  Blackwell was ranked third behind two candidates who were under the age of 40.

Christiane Jones stated that she was promoted at the age of 52, which does not comport with Blackwell's claims that only younger individuals are promoted at the VA.  (*Id*., Exh. B-4, p. 10.)  Julie A. Catellier, the Medical Center Director, stated that she was not aware of any information that Blackwell was not promoted due to his age.  (*Id*., Exh. B-5, p. 6.)  She contends that age was never mentioned in discussions she had with Christiane Jones as a factor to consider in the decision to fill the supervisory positions.  (*Id*.)

Raymond B. Groat, a supervisory police officer, served as a member of the interview panel.  (*Id*., Exh. B-6, p. 5.)  He testified that age was never mentioned as a factor to consider

when interviewing the candidates for the position Blackwell applied for.  (*Id.*, p. 6.)  Groat reviewed each candidate's application package and personnel file prior to the interviews.  (*Id.*, p. 9.)  He was told by Christiane Jones to use performance-based interview questions and to score each candidate's response.  (*Id.*, p. 10.)  Each member of the interview panel separately scored each candidate, then those scores were totaled and the cumulative scores were given to Christiane Jones.  (*Id.*, p. 8.)  Groat stated that he had no information that Blackwell was not selected for the position solely because of his age.  (*Id.*, pp. 15-16.)

Robert M. Peden, chief of the facilities management service, also was a member of the selection committee.  (*Id.*, Exh. B-7, p. 5.)  Peden reviewed the candidates' files and felt that each candidate was qualified for the position.  (*Id.*, p. 8.)  Peden stated that each candidate was asked the same questions and was given the opportunity to present additional information pertinent to the interview.  (*Id.*, pp. 8-9.)  Peden assisted Groat in developing the questions to ask during the interviews, and obtained a police officer from another facility, Mark Schexnayder, to sit on the interview panel.  (*Id.*, p. 5.)  He stated that performance-based questions which are not based on technical knowledge of a given position are used throughout the VA during the interview process.  (*Id.*, p. 6.)  Peden stated that age was not a factor considered by management or the panel in selecting the candidates for the positions.  (*Id.*, p. 11.)

Schexnayder is the lead police offer at the VA medical center in New Orleans, Louisiana. (*Id.*, Exh. B-8.)  Schexnayder's instructions regarding the selection of a candidate were to ask a specific set of questions to each interviewee and rate the candidate based on the answers to those questions.  (*Id.*, p. 6.)  Schexnayder also reviewed the application packages and personnel records of each candidate before the interviews.  (*Id.*)  No specific instructions were given to indicate that

4

a younger individual was sought to fill a position, and no discussion of a candidate's age was undertaken during the interviews.  (*Id*., p. 7.)  Schexnayder stated that each candidate was asked to address how the candidate would handle being confronted by fellow employees who were not selected and thought they were better qualified for the position.  (*Id*., p. 10.)  That question had nothing to do with age.  (*Id*.)  He stated that the candidate with the highest score would be selected, and that he believed the questions were "appropriate and relevant" and that the interview process was fair.  (*Id*., pp. 6, 12.)  He stated that there was no indication that any candidate was preselected by management before the interviews were conducted.  (*Id*., p. 8.)

The Final Agency Decision regarding Blackwell's complaint to the Equal Employment Opportunity Commission [EEOC] was issued on January 21, 2004.  (*Id*., Exh. 2.)  The decision stated that Blackwell failed to show that the VA's explanation concerning the selection process was pretextual and failed to establish a link between his non-selection and his age.  (*Id*.)  The decision provided that the selection was made according to a facially neutral performance based interview process.  (*Id*.)  The procedure places emphasis on a candidate's skill at interviewing and sometimes minimizes an individual's prior experience, but there was no indication that the process was motivated by a discriminatory intent or was designed to exclude Blackwell.  (*Id*.)

According to Blackwell, a plaintiff can defeat a motion for summary judgment in an age discrimination suit by establishing that his qualifications are superior to the person selected for the position, thus showing that the employer's stated reason for failing to promote him was false and pretextual .  (Pl.'s Resp., pp. 4-5.)  Blackwell contends that his credentials were far superior to the other candidates' prior experience.  (*Id*., p. 5.)

5

At the time of the announcement of the opening for the position of supervisory police officer, Blackwell was 48 years old.  (*Id*., p. 6.)  He maintains that eight of the ten applicants were over the age of forty and the two who were under forty were the two who received promotions.  (*Id*.)

Blackwell asserts that during the interview he was not allowed to present a dossier including letters of commendation and other achievements which were not part of his personnel file.  (*Id*.)  He asserts that the interviewers used only his application for the position as reference material during the interview.  (*Id*., Exh. 3, pp. 23-4, 28.; Exh B-6, pp. 9-10; Exh. B-8, pp. 9-10.) As a result, Blackwell contends that he was not able to demonstrate his "exemplary" work history.  (*Id*., Exh. 3, p. 29.)

Blackwell contends one of the individuals that received the promotion, Demetrius Jones, was preselected for the position in March 2002.  (*Id*., p. 10.)  A document prepared by the chief of police service in March 2002, requesting that Demetrius Jones be promoted was part of Jones' personnel file at the time of the actual opening in July 2002.  (*Id*., Exh. 4 and its Exh. 3.)  When the staff members discovered that Jones was recommended for promotion without announcement of the position or interviews of other candidates, a complaint was lodged with Catellier.  (*Id*., Exh. B.)

Another applicant for the position, Gerard B. Philbrick, filed a complaint regarding alleged age discrimination.  (*Id*., Exh. C.)  He provided that since he began working he was harassed about his age being referred to as the "old man on the squad" due to his white hair.  (*Id*.) He further stated that he was a cancer and heart attack survivor and he felt like the other people tried to protect him.  (*Id*.)  He claims that the individuals selected for the promotion had received

extra duty and assignments not given to himself, for which he believed he had more experience. (*Id*.)  He claims that the process was not "performance-based" because he was prevented from getting assignments to establish his performance at the VA, and none of the interviewers asked him about his prior experience.  (*Id*., p. 2.)

George K. Boatner, Jr., another candidate, stated that he believed management was aware of his age at the time of the interviews (45 years old) and that his age was in his personnel file. (*Id*., Exh. B.)  He believed that age was a factor in the promotion process because Catallier mentioned the physical test and looked around the room when mentioning that several would not be able to pass the test.  (*Id*.)  He asserts that Groat was promoted at a time when he was younger than the other candidates.  Boatner also stated that he did not think that the interviews were actually performance-based interviews because there were no questions asked about previous experience or qualifications.  (*Id*., pp. 1-2.)  He states that general questions were asked with nothing specific mentioned regarding a candidate's abilities and that he did not think an interview score should be used to select a supervisor.  (*Id*., p. 2.)

David Engle, another applicant, filed a complaint in which he contends the VA had a pattern of age discrimination because the past three promotions were to people under the age of 40.  (*Id*., Exh. D, p. 1.)  He also believed he was better qualified and had more experience than the candidates selected for promotion.  (*Id*., p. 2.)  He claims that the selections were predetermined, and stated that the second selection was made without posting the second vacancy.  (*Id*.)

The application submitted by Demetrius Jones listed two years of experience as an investigator with the Biloxi Housing Authority, during which he performed surveillance for

illegal activities, presented cases to hearing officers and testified in courts.  (*Id.*, Exh. G.)  He was commissioned through the Harrison County Sheriff's office.  (*Id.*)  He also was a security policeman with the United States Air Force for ten years prior to working at the Housing Authority.  (*Id.*)  Jones was 36 years old in August 2002.  (Exh. 1, p. 2.)

Jenkins, the other promoted individual listed six years of service with the United States Air Force as a security officer as part of his previous experience.  (*Id.*, Exh. F, p. 3.)  He also listed four years experience at the Kettering Medical Center as a security officer.  (*Id.*)  Jenkins was born in August of 1963; he was 39 years old at the time of the incident at issue.  (Mot. to Dismiss, Exh. 1, p. 2.)

Another applicant for the position, Douglas Jackson, stated that he was not allowed to attach copies of evaluations and commendations to his written application submitted for the job.  (*Id.*, Exh. E, pp. 23-4.)  He stated he was told that the information contained in the additional paperwork could be transcribed onto a Form 172 which provides for the inclusion of supplemental information of an applicant's background.  (*Id.*, p. 26.)  Jackson did not choose to include this form with his application because he felt there was no way to include all of the information contained in the paperwork on a one-page form.  (*Id.*)  He was not allowed to present the information at his interview, and when Groat investigated his complaint regarding the inclusion of the information, the Human Resource department indicated that the only way to include the information with his application was to submit a Form 172.  (*Id.*, p. 28.)

Groat asked Jackson about his plans to remain on the job should he be promoted and Jackson responded that he would work until he was at least 65 years old.  (*Id.*, p. 31.)  He was about 62 years old at the time of the conversation.  (*Id.*)  Jackson thought that Groat was

8

concerned about his age and whether a promotion at this point in Jackson's career would be a waste.  (*Id.*)

According to the Defendant, Christiane Jones, the selecting official for the promotions at issue in this case, asked Peden and Groat to work together to develop a set of interview questions as Peden had chaired search committees in the past and was familiar with performance-based interviews.  (Mot. to Dismiss, Exh. B-4, p. 6; Exh. 1, p. 9.)  She told Peden and Groat she was interested in a strong leader with leadership skills.  (*Id.*)  When the interviews were concluded and Groat brought the scores to Christiane Jones, she asked what made the top candidates stand out from the others.  (*Id.*, p. 7.)  Groat stated that a key factor in the choices was a candidate's response explaining how that person would improve the service and make it better.  (*Id.*)  Based on the committee's recommendation, Christiane Jones promoted the two top scoring candidates, D.A. Jones and Jenkins.  (*Id.*)

Christiane Jones denied that there was a pattern throughout the facility of selecting younger candidates for promotion.  (Mot. to Dismiss, Exh. 1, p. 10.)  She stated that longevity in a position does not automatically qualify an individual for a position, but denied that an individual's age would be a factor in the consideration.  (*Id.*)  The two-year period from August 2000 to August 2002 in the area of police service included the promotion of R.W. Wagner, age 54.  (*Id.*, p. 4.)

Standard of Review

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) will be granted "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations."  *McCann v. Texas City Ref., Inc.*, 984 F.2d 667, 673 (5th

Cir. 1993).  In doing so, well-pleaded factual allegations in the complaint are accepted as true. *Herrmann Holdings Ltd. v. Lucent Tech. Inc.,* 302 F.3d 552, 557 (5th Cir. 2002) (quotations and citations omitted).  The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff.  *Sloan v. Sharp,* 157 F.3d 980, 982 (5th Cir. 1998).  The dismissal will be upheld only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Lowrey v. Texas A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-6, (1957)).  When considering such a motion includes evidence outside the pleadings as in this case, the motion is converted to a motion for summary judgment.  FED.R.CIV.P. 12(b).  The Court, therefore, shall convert the motion to dismiss to a motion for summary judgment, as urged by the Defendant in the alternative.

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  FED.R.CIV.P. 56(c); *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 877 (5th Cir. 2003).  All disputed facts are resolved in favor of the party opposing the summary judgment.  *Walker v. Thompson*, 214 F.3d 615, 624 (5th Cir. 2000).  The moving party bears the burden of establishing that there are no genuine issues of material fact.  The nonmoving party may not rely upon mere allegations or denials within the pleadings, but must come forward with specific facts showing the presence of a genuine issue for trial.  *Whelan v. Winchester Prod. Co.,* 319 F.3d 225, 228 (5th Cir. 2003).

<u>Discussion</u>

Under the ADEA it is "unlawful for an employer . . . to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment,

because of such individual's age."  29 U.S.C. § 623(a)(1).  ADEA coverage extends to

"[i]ndividuals at least 40 years of age."  *Id.*  A plaintiff alleging age discrimination in violation of

the ADEA may prove his claim through direct or circumstantial evidence.  *Russell v. McKinney*

*Hosp. Venture,* 235 F.3d 219, 222 (5th Cir. 2000).  Direct evidence is evidence that "if believed,

proves the fact of intentional discrimination without inference or presumption."  *Woodhouse v.*

*Magnolia Hosp*., 92 F.3d 248, 252 (5th Cir. 1996).  If the plaintiff "demonstrates that age was a

motivating factor in the [employer's decision], it then falls to the [employer] to prove 'that the

same adverse employment decision would have been made regardless of discriminatory

animus.'"  *Rachid v. Jack In The Box, Inc.,* 376 F.3d 305, 312 (5th Cir. 2004) (quoting *Mooney v.*

*Aramco Servs. Co.,* 54 F.3d 1207, 1217 (5th Cir. 1995)).  The evidence produced by the plaintiff

must be "sufficient for a jury to conclude, by a preponderance of the evidence, that [age] was a

motivating factor for any employment practice."  *Desert Palace, Inc. v. Costa,* 539 U.S. 90, 101

(2003).

 If the plaintiff produces only circumstantial evidence of discrimination, age

discrimination may be proven using the framework established in *McDonnell Douglas Corp. v.*

*Green,* 411 U.S. 792 (1973).  That framework requires that the plaintiff first must establish a

*prima facie* case of discrimination.  *Russell,* 235 F.3d at 222; *Bauer v. Albemarle Corp.,* 169 F.3d

962, 966 (5th Cir. 1999).  The elements of the *prima facie* age discrimination case for failure to

hire, plaintiff must show:  (1) that he was over 40 when he applied for the position, or he

belonged to the protected class; (2) that he applied for and was qualified for the job; (3) that

despite his qualifications, he was rejected; and (4) that the person that filled the position was not

a member of the protected class.  *See Machinchick v. PB Power, Inc.,* 398 F.3d 345, 350 (5th

Cir.2005); *Rachid,* 376 F.3d at 308-9; *Davis v. Dallas Area Rapid Transit,* 383 F.3d 309, 317 (5th Cir. 2004). The presentation of a *prima facie* case creates a presumption that the employer unlawfully discriminated against the plaintiff. *Bauer,* 169 F.3d at 966.

The defendant must then respond with a legitimate, nondiscriminatory reason for the challenged employment decision. *Russell,* 235 F.3d at 222; *Bauer,* 169 F.3d at 966. "This burden on the employer is one only of production, not persuasion, involving no credibility assessments." *Russell,* 235 F.3d at 219. If the defendant meets its burden, the presumption of discrimination created by the *prima facie* case disappears, and the plaintiff is left with the ultimate burden of proving discrimination. *Hicks,* 509 U.S. at 511-12. The plaintiff can survive summary judgment by producing evidence that discrimination lay at the heart of the employer's decision or that the employer's explanation is false or unworthy of credence. *Sandstad v. CB Richard Ellis, Inc.,* 309 F.3d 893, 896-7 (5th Cir. 2003); *Wallace v. Methodist Hosp. Sys.,* 271 F.3d 212, 220 (5th Cir. 2001); *Price,* 283 F.3d at 720. Where the plaintiff fails to produce substantial evidence of pretext, or produces evidence permitting only a tenuous inference of pretext, summary judgment in favor of the defendant is appropriate. *See West v. Nabors Drilling USA, Inc.,* 330 F.3d 379, 385 (5th Cir. 2003); *Rubinstein v. Adm'rs of Tulane Educ. Fund,* 218 F.3d 392, 400 (5th Cir. 2000); *Sandstad,* 309 F.3d at 894.

In this case, Blackwell questions that the two successful candidates could be deemed the most qualified for promotion when he clearly had a longer work history in law enforcement and had a number of awards and certificates of achievement in his profession, which he believes were not considered by the search committee. (Pl.'s Resp., pp. 11, 15-18.) He argues that Groat was age-biased as evidenced by his questions to Jackson concerning how long Jackson would stay on

the job if he were promoted.  (*Id*., p. 18.)  He claims that the VA favored younger candidates and that the promotions were preselected prior to the interview process.  (*Id*.)  He contends that the interview process was biased against him, and that there was no comparison between his qualifications and those of Jones and Jenkins.  (*Id*.)

To make a showing of pretext, the plaintiff faces a very high burden to establish that he is clearly more qualified than the individual who actually received the desired position.  *See Celestine v. Petroleos de Venezuella,* 266 F.3d 343, 357 (5th Cir. 2001).  In an employment discrimination case, the court must "focus on whether a genuine issue exists as to whether the defendant intentionally discriminated against the plaintiff."  *LaPierre v. Benson Nissan, Inc.,* 86 F.3d 444, 447-8 (5th Cir. 1996).  The court "must draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh the evidence."  *Reeves v. Sanderson Plumbing Prods., Inc.* 530 U.S. 133, (2000).  The elements of the plaintiff's *prima facie* case vary with the facts of the case and the nature of the claim.  *Price,* 283 F.3d at 720.

Blackwell contends that his qualifications were far superior to that of the other candidates.  (Pl.'s Resp., p. 8.)  He contends that his 26 years of experience and the awards and commendations he received, which the committee refused to examine, would have resulted in his promotion were it not for a policy of hiring younger workers.  (*Id*.)  The vacancy announcement for the position provided that credible specialized experience may have been gained in work on a police force, through service as a military police officer, in work providing visitor protection and law enforcement in parks, forests, or other natural resource or recreational environments, in performing criminal investigative duties or in other work that provided the requisite knowledge and skills.  (Mot. to Dismiss, Exh. A, p. 2.)  A notice to employees provided that the evaluation

13

methods used in rating, ranking, certifying and selecting candidates would be those contained in the current merit protection plan.  (*Id.*, p. 1.)  In addition, the announcement clearly outlined that experience would be rated on the basis of the information contained in an applicant's personnel folder.  (*Id.*)  The applicants were advised to submit standard form 172 to update information in the folder and that they could provide a supplemental qualification form addressing each job element to be used for rating and ranking purposes.  (*Id.*)

Blackwell argues that his length of service combined with credentials he was not allowed to present demonstrate that he was clearly better qualified than the two individuals that were promoted.  Blackwell does not present a copy of his application to establish his work history and his attempt to summarize the honors and commendations he received, if any.  The panel asked each of the candidates the same questions.  *Id.*  Blackwell's mere assertion that he should have been promoted because his length of service was much longer than the other two candidates is not sufficient.  *See Price v. Federal Express Corp.,* 283 F.3d 715, 723 (5th Cir. 2002) (noting that the aggrieved applicant's "better education, work experience, and longer tenure with the company d[id] not establish that he [was] clearly better qualified").  Blackwell must show that he was "clearly better qualified" for the position in question.  *Odom v. Frank,* 3 F.3d 839, 845 (5th Cir.1993).  "To establish a fact question as to relative qualifications, a plaintiff must provide sufficiently specific reasons for his opinion; mere subjective speculation will not suffice." *Nichols v. Loral Vought Sys. Corp.,* 81 F.3d 38, 41-2 (5th Cir. 1996).

The Court is not expected to determine which of two applicants was the most qualified for a particular position and oppose the opinion of the employer whose responsibility it is to hire such applicants.  *See Deines v. Texas Dept. of Prot. & Regulatory Serv.,* 164 F.3d 277, 280-1 (5th

Cir. 1999); *see also Odom,* 3 F.3d at 847.  The court may not replace its own judgment for that of "the employer in evaluating what types of experience are most valuable for an employee in the absence of proof that the standards were not consistently applied or were so irrational or idiosyncratic as to suggest a cover-up." *EEOC v. La. Office of Cmty Serv.,* 47 F.3d 1438, 1445 (5th Cir. 1995).

In addition, Blackwell's attempt to equate years served with qualifications does not establish that he was better qualified for the position.  *Nichols v. Lewis Grocer,* 138 F.3d 563, 568-69 (5th Cir.1998).  "More evidence, such as comparative work performance, is needed." *Nichols,* 81 F.3d at 42.  Blackwell offers no explanation of his performance compared with that of the successful candidates at the VA, other than to mention his longevity.  The interview panel in this case individually scored each candidate based on their answers to the questions, prepared in advance by two individuals, one of which was completely unfamiliar with Blackwell.  (Mot. to Dismiss, Exh. 1, pp. 4, 9, 12-14. ) The Court, therefore, must conclude that Blackwell's qualifications are not "so superior" to those of the successful candidates to permit an inference of pretext.  *Office of Cmty Servs.,* 47 F.3d at 1445.

The relevant inquiry in any case is not whether the employer's evaluations were wise or correct, but whether they were honestly held and free of discriminatory bias. *Grimes v. Texas Dep't of Mental Health & Mental Retardation,* 102 F.3d 137, 142 (5th Cir. 1996).  Disagreements over which applicant is more qualified are employment decisions not meant for a court to second guess. *See Bienkowski v. American Airlines, Inc.,* 851 F.2d 1503, 1507-8 (5th Cir. 1988).  "Even if evidence suggests that a decision was wrong, a court will not substitute its judgment as to who was more qualified for the employer's business judgment." *Scott v.*

15

*University of Miss.,* 148 F.3d 493, 509 (5th Cir.1998). "The ADEA was not intended to be a vehicle for judicial second guessing of business decisions, nor was it intended to transform the courts into personnel managers." *Walther v. Lone Star Gas Co.,* 952 F.2d 119, 123 (5th Cir. 1992) (quoting *Thornbrough v. Columbus & Greenville R.R..,* 760 F.2d 633, 647 (5th Cir. 1985)). "The judicial system is not as well suited by training and experience to evaluate qualifications . . . in other disciplines as are those persons who have trained and worked for years in that field of endeavor for which the applications under consideration are being evaluated." *Office of Cmty Servs.,* 47 F.3d at 1445. "'[T]he bar is set high for this kind of evidence because differences in qualifications are generally not probative evidence of discrimination unless those disparities are 'of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.'" *Celestine,* 266 F.3d at 357 (quoting *Deines,* 164 F.3d at 280-1).

Subjective criteria necessarily and legitimately enter into personnel decisions involving supervisory positions. *See, e.g., Risher v. Aldridge,* 889 F.2d 592, 597 (5th Cir. 1989); *Lerma v. Bolger,* 689 F.2d 589, 592 (5th Cir. 1982). This Court will not to substitute its "judgment for the employer in evaluating what types of experience are most valuable for an employee in [a] position in the absence of proof that the standards were not consistently applied or were so irrational or idiosyncratic as to suggest a cover-up." *Office of Cmty Servs.,* 47 F.3d at 1445-6. Plaintiff has failed in his most important task, to raise a fact issue that the selection criteria were discriminatory. Plaintiff provided no evidence that he was "clearly better qualified" for the position in question. *Odom,* F.3d at 845. He primarily rests his case on his then 26-years experience in law enforcement. (Pl.'s Resp., p. 8.)

16

Each of the persons responsible for making the hiring decisions testified that they chose other applicants because those applicants were better qualified than Blackwell and that the plaintiff's age played no role in their determinations. (Mot. to Dismiss, Exh. B-8, pp. 6, 8, 10, 12; Exh. B-7, p. 5, 8-11.) Peden reviewed the candidates' files and felt that each candidate was qualified for the position. (*Id.*, p. 8.) Peden stated that each candidate was asked the same questions and was given the opportunity to present additional information pertinent to the interview. (*Id.*, pp. 8-9.) If believed by the trier of fact, these reasons would support a finding that unlawful discrimination was not the cause of Defendant's decision not to promote the Plaintiff. *See Jeffries v. Harris County Cmty. Action Ass'n.,* 693 F.2d 589, 590 (5th Cir. 1982) ("[T]he promotion of a better qualified applicant is a legitimate and nondiscriminatory reason for preferring the successful applicant over the rejected employee who claims the rejection was discriminatory.") Therefore, the presumption raised by the Plaintiff's *prima facie* case disappears. *Reeves,* 530 U.S. at 143. Blackwell has not raised a fact issue that he was clearly better qualified for the positions at issue; he merely argues he was more qualified than the successful candidates based on his lengthy experience and numerous commendations. He has failed to present evidence that age played any part in Defendant's hiring decision. When a plaintiff creates only a weak inference of fact whether the employer's reason was untrue, and fails to present evidence that a prohibited attribute played any role in the hiring decision, summary judgment is appropriately granted. *See Price,* 283 F.3d at 723; *Vadie v. Mississippi State Univ.,* 218 F.3d 365, 372-3 (5th Cir. 2000).

Again, the Court declines to substitute its "judgment for the employer in evaluating what types of experience are most valuable for an employee in the new position in the absence of proof

that the standards were not consistently applied or were so irrational or idiosyncratic as to suggest a cover-up." *Office of Cmty Servs.,* 47 F.3d at 1445-6.  Plaintiff has failed in his most important task, to raise a fact issue that the VA's selection criteria were discriminatory.  Blackwell could have avoided summary judgment by establishing that there is an issue of fact whether each of the VA's stated reasons for the promotions were the actual motivating factors and by creating a reasonable inference that age was a determinative factor in the failure to promote him.  *Atkinson v. Denton Publ'g Co.,* 84 F.3d 144, 149 (5th Cir. 1996).  The Court concludes that Blackwell has failed to meet his burden in this regard, and further finds that the Defendant's motion for summary judgment should be granted.

Conclusion

For the reasons given above, this Court finds that the Defendant's motion to dismiss [12-1], converted into a motion for summary judgment, should be granted.  A separate summary judgment in conformity with and incorporating by reference the above Memorandum Opinion shall issue this date.  Each party shall bear their respective costs.

THIS the 13th day of January, 2006.


/s/      *Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE